## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

| | |
|---|---|
| Ramesh Patel and Bhavna Patel and Bhavani Enterprises, Inc., | ) Civil Action No. 2:04-21820-12 ) |
| | ) *Removed From County of Charleston,* |
| Plaintiffs, | ) *Civil Action No. 2004-CP-10-2807* |
| vs. | ) ORDER GRANTING DEFENDANT'S ) MOTION TO STAY CASE PENDING |
| Choice Hotels International, Inc., | ) ARBITRATION AND DENYING ) DEFENDANT'S MOTION TO DISMISS |
| Defendant. | ) |

This matter came before the Court for a status conference on March 21, 2005. The parties previously appeared before the Court on October 25, 2004, for a hearing on all outstanding motions in this matter. At the previous hearing, the Court heard arguments on Plaintiffs' Motion to Remand, as well as Defendant's Motions to Compel Arbitration, to Stay Plaintiffs' Claims Pending Arbitration, and to Dismiss Plaintiffs' Claims. The Court ruled from the bench denying Plaintiffs' Motion to Remand and granting Defendant's Motion to Compel Arbitration. The remaining motions were taken under advisement.

The Court finds it appropriate to grant the Motion to Stay Plaintiffs' claims pending arbitration, and deny the Motion to Dismiss the Plaintiffs' action. All of Plaintiffs' claims are subject to arbitration, but this Court is not required to dismiss the claims in such a situation. While "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable," the Court may also stay the Plaintiffs' claims pending arbitration instead of dismissing them entirely. Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d



7078, 709-10 (4th Cir. 2001); U.S. ex rel Delay & Daniels, Inc. v. Am. Employers Ins. Co., 290 F.Supp. 139, 140 (D.S.C. 1968) ("The court has the power to stay the proceedings, or dismiss. ... Therefore jurisdiction may rightfully be retained and exercised."). In fact, the Federal Arbitration Act specifically provides this Court with the power to stay the action pending arbitration. 9 U.S.C. § 3. In this situation, the Court finds it appropriate to merely stay Plaintiffs' claims pending arbitration. The Court will retain jurisdiction to "provide such future supervision of the arbitration as may be necessary" and to entertain any post-arbitration procedures to confirm, vacate, modify, or correct the arbitration award. See 9 U.S.C. §§ 9-12; U.S. ex rel Delay & Daniels, 290 F.Supp. at 141.

The Court further rules that Plaintiffs' claims shall be arbitrated no later than September 21, 2005. Should the parties require more time to complete the arbitration, they must jointly send the Court a letter explaining the need for additional time and requesting additional time to conduct the arbitration.

The parties have also disputed the proper location for the arbitration hearing. While Plaintiffs have requested that this Court resolve the venue issue, the Court declines to do so. The arbitrator shall be left to decide the proper venue for any arbitration hearings on Plaintiffs' claims. See Sam Reisfeld & Son Import Co. v. S.A. Eteco, 530 F.2d 679, 680-81 (5th Cir. 1976); Spring Hope Rockwool, Inc. v. Indust. Clean Air, Inc., 504 F.Supp. 1385, 1389-90 (E.D.N.C. 1981).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiffs' Claims is DENIED and Defendant's Motion to Stay Plaintiffs' Claims Pending Arbitration is GRANTED. IT IS FURTHER ORDERED that the parties shall complete arbitration no later than September 21, 2005, or request further time from the Court if necessary to complete the



arbitration, and the arbitrator shall determine the venue of any arbitration hearing held on Plaintiffs' claims.

IT IS SO ORDERED.

_____
The Honorable C. Weston Houck
United States District Court Judge
District of South Carolina

April __5__, 2005

3